IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,684-01






EX PARTE TIMOTHY W. MOFFATT, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-297-007585-0562742 IN THE 297
TH JUDICIAL DISTRICT COURT


FROM TARRANT COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant originally pleaded guilty to the
offense of indecency with a child in exchange for ten years of deferred adjudication community
supervision. His community supervision was later revoked, and after an adjudication of guilt,
Applicant was sentenced to six years' imprisonment. He did not appeal his conviction. 

 Applicant contends inter alia that the condition of his community supervision requiring that
he pass a polygraph test with respect to his sexual history violated the Fifth Amendment privilege
against self-incrimination. Applicant alleges that he would have been required to divulge
information which could form the basis of a later criminal prosecution, and that he therefore refused
to take the polygraph examination. Applicant further alleges that it was because of his refusal to
incriminate himself that his community supervision was revoked. The judgment revoking
community supervision and adjudicating guilt reflects that Applicant's community supervision was
revoked because he "failed to complete a sexual history polygraph and monitoring polygraph as
instructed." 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that the condition of community supervision requiring completion of a sexual history
polygraph examination violated his privilege against self-incrimination. The court shall make
findings as to whether Applicant was specifically required to divulge his entire sexual history,
including events unrelated to his conviction in this cause, as a condition of his community
supervision. The court shall also make findings as to whether Applicant specifically invoked his
Fifth Amendment privilege against self-incrimination when he refused to take the sexual history
polygraph examination. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: May 9 , 2007

Do not publish